UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| DERRICK WALKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01147-JDB-cgc |
| | ) | |
| TAMMY FORD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANT

On July 24, 2017, Plaintiff, Derrick Walker, who is incarcerated at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. ((Docket Entry ("D.E.") 1, 2.) Plaintiff's complaint concerns an incident from his previous incarceration at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. (D.E. 1 at PageID 2.) On August 2, 2017, the U.S. District Court for the Middle District of Tennessee granted Plaintiff leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b), and transferred the case to the Western District of Tennessee. (D.E. 4.) The Clerk shall record the Defendants as Tammy Ford, former Warden of

Whiteville Correctional Facility;[1] William Howell, Security Threat Group Coordinator; Officer FNU Parks, a Corrections Officer; and Corizon Medical Services.[2]

Walker alleges that on May 29, 2017, Parks allowed several gang members, without proper clearance, to enter the pod where Parks was assigned and assault Plaintiff. (D.E. 1 at PageID 3.) He contends Parks colluded with the gang members, allowing them access to Plaintiff's cell so that they would attack and stab him. (*Id.*) The inmate further insists that the other Defendants created dangerous conditions in WCF and failed to intervene and prevent the stabbing despite Plaintiff's warnings to staff. (*Id.*) Since the incident, according to Walker, Defendants have denied Plaintiff appropriate medical care, have not thoroughly examined his injuries, and have refused to provide him the special doctor and special housing he asserts he needs. (*Id.*) He remains in pain and has become depressed from the attack. (*Id.*)

Plaintiff seeks immediate health care and medication, and an examination from an expert at "McHary"[3] Medical Center. (*Id.*) In addition, Walker requests that Parks's employment be terminated and that an injunction be entered preventing "further prosecution or retaliatory action" against him for filing the complaint. (*Id.* at PageID 4.) For these claims, he seeks compensatory and punitive damages. (*Id.*)

---

[1] Tammy Ford is no longer Warden at WCF. The current Warden is Arvil Chapman. *See* https://www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html.

[2] Plaintiff also seeks to sue two John Doe defendants. Service of process cannot be made on a fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is DIRECTED to terminate the reference to the two John Doe defendants on the docket.

[3] To the Court's knowledge, there is no "McHary" Medical Center; Walker is most likely referring to Meharry Medical Center located in Nashville, Tennessee.

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss the complaint, or any portion thereof, if it—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## ANALYSIS

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff does not specify whether he is suing the Defendants in their official or individual capacities. The Sixth Circuit requires a Plaintiff to specify the Defendants' capacity within the suit. *Wells*, 891 F.2d at 593 ("[T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees."). "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)). Walker primarily seeks injunctive relief against the Defendants and alleges personal involvement by only Parks. The Court will therefore presume that Plaintiff is suing Parks in his or her official and individual capacities and the remaining Defendants in their official capacities.

4

To the extent the inmate brings suit against the Defendants in their official capacities, those claims are considered to be made against their employer, the Tennessee Department of Correction ("TDOC"). *Shabazz v. Centurion*, 17-1051-JDT-cgc, 2018 WL 1440985, at *2 (W.D. Tenn. Mar. 22, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Suits against the TDOC are, in turn, treated as ones against the State of Tennessee. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *accord Malone v. Tennessee*, No. 03-2869 B, 2005 WL 2671343, at *3 (W.D. Tenn. Oct. 19, 2005). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment prohibits citizens from suing their own states in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst*, 465 U.S. at 100; *see also Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.") (citation omitted). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, "a state is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. 58). Plaintiff's official-capacity claims against Ford, Howell, and Parks are therefore DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Plaintiff fails to allege a viable claim against Corizon Medical. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food services to prisoners. *Id.* at 748–49; *Street*, 102 F.3d at 817–18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. Tennessee*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against Corizon Medical, Walker "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

The inmate asserts that the Defendants generally, but not Corizon Medical specifically, have "denied appropriate medical care"; "not conducted a thorough examination of his injuries"; and "prevent[ed] him from receiving adequate medications and treatment." (D.E. 1 at PageID 3.) Even if they were specific to Corizon Medical, these allegations do not suffice to establish that Corizon had an unconstitutional policy to mistreat its patients and that the policy was a "moving force" behind the denial of treatment. Without any identification of a specific policy in place, or supporting facts to suggest that following the policy led to the allegedly inadequate treatment, Corizon Medical cannot be held responsible for Plaintiff's injury.

The only Defendant against whom Walker makes specific allegations is Parks. His contentions amount to a claim for deliberate indifference, which arises under the Eighth Amendment prohibition against cruel and unusual punishments. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component of an Eighth Amendment claim, a prisoner "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle*, 429 at U.S. 292). The subjective component requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302–03. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

Plaintiff maintains Parks colluded with gang members at WCF to enter the pod, "ambush" the inmate in his cell, and repeatedly stab him. He attached to his complaint a copy of a disciplinary report, which indicated that Parks "worked in concert with" other inmates during a physical altercation. (D.E. 1 at PageID 8.) Walker was reportedly not injured during the incident and was charged with "security threat group activity." (*Id.* at PageID 7–8.) Nonetheless, Plaintiff's allegations that Parks intentionally allowed gang members to enter his cell with knowledge they would physically harm him suffices to state an individual-capacity claim for deliberate indifference under the Eighth Amendment.

Walker's request for an injunction to prevent "further retaliatory action" suggests a claim for retaliation. But the inmate does not allege that anyone has retaliated against him for filing grievances relating to the May 29, 2017, incident. He states that after filing his grievance, he was transferred from WCF to SCCF. Movement from one facility to another, however, does not constitute "adverse action" sufficient to state a claim of retaliation unless there are "foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts." *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (citing *Siggers-El v. Barlow*, 412

7

F.3d 693, 704 (6th Cir. 2005)). Plaintiff does not allege any adverse consequences from his transfer and therefore does not state a claim for retaliation for that action.

To the extent Walker seeks injunctive relief for medical treatment from WCF, his claim is moot because he has been transferred to another facility. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (same).

The Court therefore DISMISSES Plaintiff's claims against Ford, Howell, and Corizon Medical Services along with the official-capacity claim against Parks, for failure to state a claim on which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2).

It is ORDERED that the Clerk shall issue process for Parks and deliver that process to the U.S. Marshal for service. Service shall be made on Parks pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Walker shall serve a copy of every subsequent document he files in this cause on the attorneys for Parks. Plaintiff shall make a certificate of service on every document filed. He shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[4]

---

[4] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Walker shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED this 4th day of March 2019.

                                                   s/ J. DANIEL BREEN  
                                                  UNITED STATES DISTRICT JUDGE